JOHN LAW, PETITIONER-DEFENDANT IN CERTIORARI, v. JOSEPH DIXON CRUCIBLE CO. AND OCEAN ACCIDENT & GUARANTEE CORP., RESPONDENTS-PLAINTIFFS IN CERTIORARI.

---

CLARA LAW, INDIVIDUALLY, PETITIONER-DEFENDANT IN CERTIORARI, v. JOSEPH DIXON CRUCIBLE CO. AND OCEAN ACCIDENT & GUARANTEE CORP., RESPOND-ENTS-PLAINTIFFS IN CERTIORARI.

Argued October 1, 1946—Decided November 20, 1946.

---

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutors, *Wall, Haight, Carey & Hartpence* (*Charles J. Gormely*).

For the defendant, *Edwards, Smith & Dawson* (*George Echelman*).

The opinion of the court was delivered by

BODINE, J. This is a workmen's compensation case.

On May 1st, 1944, John Law filed a petition for compensation. The accident, which occurred March 27th, 1944, resulted in a coronary occlusion while engaged in the course of his usual employment as a machinist. On April 20th, 1945, John Law died. On May 2d, 1945, his widow individually and as widow filed a formal petition in the Bureau. It was then ordered that his case be opened. On May 7th, 1945, the deputy commissioner had dismissed Law's claim on a finding of fact that he did not meet with an accident. On June 14th, 1945, Mrs. Law served notice of an appeal. On September 28th, 1945, the Pleas reversed the Bureau finding that John Law had become totally and permanently disabled by an

accident arising out of and in the course of his employment. On October 16th, 1945, judgments were ordered entered against the present prosecutors for the payment of compensation which had accrued in John Law's lifetime. On November 30th, 1945, prosecutors appealed Clara Law's award to the Pleas. The Pleas' affirmance was not made until May 6th, 1946. An application on June 1st, 1946, for *certiorari* to the Chief Justice was denied because the applicants were in laches. It seems to us that until there was a final judgment the writ could not very well go and that prosecutors had acted with all reasonable diligence.

We may not determine this case in advance of argument, but we do think that the proofs before us indicate a debatable question of fact, and that the case should come before the court on the merits.

The writ may go without costs.